UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

TIMOTHY HASLAM,

     Defendant.

_____/

Case No: 26-cr-20053

Honorable Linda V. Parker

## <u>OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION (ECF NO. 22)</u>

Defendant stands charged in a one-count indictment for felon in possession of a firearm in violation of 18. U.S.C. § 922(g)(1).  On January 12, 2026, Magistrate Judge Elizabeth Stafford followed the recommendation of pretrial services and detained Defendant pending trial finding him to be a danger to the community.  Defendant now moves for revocation of that order.  (ECF No. 22.) The motion has been fully briefed.  The Court held a motion hearing on March 25, 2026.

### Background

It is alleged that Defendant forcibly entered the residence of the female victim with whom he shares a child.  According to the police report, the victim stated that Defendant had a gun which he pointed at her face and threatened to kill her while doing so.

1

**Applicable Standard**

The review of detention orders is governed by the Bail Reform Act, which provides in relevant part: "If a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. 18 U.S.C. § 3145(b). The Court reviews the appeal of a detention order *de novo*. See *United States v. Haywood*, No, CR 22-20417, 2023 WL 2465556 at *1 (E.D. Mich. Mar 10, 2023); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992); *see also United States v. Koubriti*, No. 01-cr-80778, 2001 WL 1525270 (E.D. Mich. 2001) (noting that, although the Sixth Circuit has not squarely identified the proper standard of review of a magistrate judge's detention order, the majority of the circuits considering the issue hold that *de novo* review is appropriate).

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Nevertheless, under the Bail Reform Act, "a defendant may be detained pending trial . . . if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)). A judge's finding of dangerousness must be "supported by clear and convincing

evidence." 18 U.S.C. § 3142(f)(2)(B); *see also United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). In comparison, a risk of flight must be supported "by a preponderance of the evidence." *Hinton*, 113 F. App'x at 77. "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id.*

The Bail Reform Act lists four factors courts must consider when deciding release decisions. 18 U.S.C. § 3142(g). First is "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children or by force, fraud, or coercion], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device[.]" *Id.* § 3142(g)(1). The second factor is "the weight of the evidence against the person" and the third is the individual's "history and characteristics[.]" *Id.* § 3142(g)(2), (3). The latter includes:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law[.]

3

*Id.* § 3142(g)(3). The fourth and final factor is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.*

### Analysis

The Government proffers the following facts regarding the nature and circumstances of Defendant's offenses and his history and characteristics: (1) the Complaint (ECF No. 1); (2) additional facts regarding the circumstances of the offense and Defendant's criminal history, (3) police reports along with presentence investigation reports; and (4) the pretrial services report.

As noted above, the victim told police officers that at approximately 11:30 p.m. Defendant and his brother forcibly entered their way into her residence despite her attempt to close the door. Two other men later identified as Defendant's cousins also entered the house. At some point thereafter, Defendant and his brother began arguing with the victim. It is during the arguing that Defendant is alleged to have pulled out a handgun and pointed it directly at the victim stating "bitch, shut up, I'll kill you."

The victim continued to demand that the men leave her residence. Defendant's brother allegedly punched the victim after becoming irritated which allegedly caused the victim's daughter to intervene. Defendant's brother allegedly punched the daughter. When the police came to the home, the victim told them

4

that Defendant had a violent history, and that he and his brothers appeared to be under the influence of alcohol.  Notably, Defendant argues that the victim "has subsequently denied that any gun was present.  (ECF. No. 22 Page ID 53.) However, the Court notes that there is no record evidence to support this statement.

Although Defendant was not charged with or convicted of the alleged domestic violence incidents, the Court is obligated under Section 3142(g) to consider the danger Defendant will pose to the community if released.  Evidence of uncharged conduct may be considered at a detention hearing, as long as it is properly evaluated and weighed." *United States v. Brown*, No. 22 CR 383, 2022 WL 10080824, at *3 (N.D. Ill. Oct. 17, 2022); *see also United States v. Choudhry*, 941 F. Supp. 2d 347, 350 (E.D.N.Y. 2013) (citing *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991)).

The Court finds that there is clear and convincing evidence to support a finding of dangerousness based on the nature and circumstances of the offense charged and the weight of the evidence against Defendant.  In evaluating the threat which occurred while holding a weapon, as well as the uncharged incidents of domestic violence which includes Defendant's failure to leave the victim's home after repeated demands, the Court concludes that Defendant poses a danger to the victim in this instant behavior, as well as to the community.  Moreover, the Court is fully aware of the frequency with which victims of domestic violence choose not

5

to pursue charges for fear of retribution, lack of support for child rearing in the future and any number of other factors.

Evaluating the third factor, Defendant's history and characteristics, the Court need not look far.  *After being charged in the instant offense,* Defendant was arrested again for domestic violence against a pregnant woman, K.W. on January 5, 2026.  K.W, pregnant with Defendant's child, reported that he kicked her in the stomach and in the face.  Officers arriving at the scene were allegedly met with a significant level of resistance and lack of cooperation on the part of the Defendant who was inside of the victim's home when they responded to an emergency call.  Defendant's lack of cooperation allegedly rose to such a level that an officer determined that Defendant needed to be tased.  (DPD Report 2601050042).  This case is currently pending in state court and includes a bond condition of no contact with this victim.

There appears to be a pattern of violence advanced by Defendant against female victims, particularly those that are the mother of his children.  This second victim, K.W., like the victim referred to previously, appears to be reluctant to appear in the case as a witness.

Finally, the Court considers Defendant's criminal history which began some twenty-four years ago where he was sentenced under the Holmes Youthful Trainee Act ("HYTA") for property theft.  While on HYTA probation Defendant violated

6

its terms with new criminal behavior and failed to appear for sentencing. Ultimately, Defendant was unable to receive the benefit of the HYTA status which was revoked.

Defendant continued to engage in criminal behavior and based upon his criminal history, has not been deterred by the various convictions and probation terms which he consistently violated.  Such behavior has included assaulting, resisting and obstructing a police officer, assault and battery, and operating under the influence of alcohol.  In 2020, Defendant was charged with several Assault with a Dangerous Weapon and Felony Firearm charges where a victim stated that Defendant came to her home, kicked the door in, pointed a gun to her face, and threatened to kill her.  According to a police report (DPD Report 20021104060) there were four children present in the house during this incident.  The victim in that matter failed to appear so the charges were dismissed.

Finally, it is worth noting that in 2024, Defendant assaulted the victim from the instant offense at his current residence.  He allegedly punched her in the face multiple times.  Police arrived and noted in their report that the victim was bleeding from her lip and had a scratch on the right side of her neck.  This information is set forth in DPD Report 2401270041.

Defendant's history and characteristics clearly demonstrate that he represents an ongoing risk to both current and former partners and unquestionably

in this Court's view weighs heavily in favor of his continued detention.  Further, Defendant's behavior toward the police demonstrates that he is a danger to others. His criminal history, uncharged domestic violence incidents, and disrespect for the law lead the Court to conclude that there are no conditions that will ensure that he will not pose a serious threat to people he knows as well as to the community at large if released on bond.  The circumstances demonstrate, by clear and convincing evidence, that Defendant is a danger to the community.

Further, the record evidence of multiple instances of Defendant's failure to appear at sentencings supports by a preponderance of the evidence that Defendant is a flight risk.

Accordingly,

**IT IS ORDERED** that Defendant's motion for revocation of detention order (ECF No. 22) is **DENIED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 22, 2026