UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                               Case No. 26-cr-20053

v.                              Honorable Linda V. Parker

TIMOTHY HASLAM,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS (ECF NO. 33)

On February 5, 2026, a federal grand jury issued an Indictment charging Defendant with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  The matter is presently before the Court on Defendant's motion to suppress the firearm seized from the fanny pack of a passenger in the vehicle Defendant was driving when he was arrested.  (ECF No. 33.)  Defendant asserts that the firearm was seized in violation of the passenger's Fourth Amendment rights.  The United States of America (hereafter "Government") filed a response to the motion, arguing that Defendant lacks standing to challenge the seizure.  (ECF No. 35.)  The Court agrees with the Government and is, therefore, denying Defendant's motion.

**Factual Background[1]**

On September 1, 2025, at around 11:30 p.m., Defendant and other individuals forced their way into the home of Barbara Walton, who is the mother of Defendant's daughter.  After Defendant and his companions left the scene, police were called, and Walton reported that Defendant had pulled a gun and threatened her.  Walton also reported that one of Defendant's companions had punched her in the face.

Officers thereafter stopped the Ford pickup truck Defendant was driving. Defendant's girlfriend and her son were passengers in the truck.  All of the occupants were ordered out of the vehicle by the officers.  As the officers were patting down the Defendant, they asked the girlfriend if she had any weapons on her.  The girlfriend said yes, and that she had a concealed pistol license (CPL).  She told the officers the weapon was in her fanny pack, which she was wearing.  An officer took the fanny pack, searched it, and seized a loaded handgun from inside.

**Applicable Law and Analysis**

The Fourth Amendment protects "[t]he right of the people to be secure in *their* persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV (emphasis added).  As the italicized language suggests, "Fourth Amendment rights are said to be 'personal.'"  *United States v.*

---

[1] These facts are not in dispute.  (*See generally* ECF Nos. 33, 35.)

*Russell*, 26 F.4th 371, 374 (2022) (quoting *Rakas v. Illinois*, 439 U.S. 128, 133 (1978)).  In other words, a party claiming a Fourth Amendment violation "must assert that *his own* . . . rights were infringed."  *United States v. Rogers*, 97 F.4th 1038, 1042 (6th Cir. 2024) (citing *Rakas v. Illinois*, 439 U.S. 128, 133-34)). "Fourth Amendment rights 'may not be vicariously asserted.'"  *Id.* (quoting *Rakas*, 439 U.S. at 133-34).

Thus, a party claiming a Fourth Amendment violation "must show that he had 'a legitimate expectation of privacy'" in the place searched.  *Id.* at 1041 (quoting *Hicks v. Scott*, 958 F.3d 421, 431 (6th Cir. 2020)).  "A legitimate expectation of privacy comes in two parts."  *Id*.  First, the party "must have exhibited an actual (subjective) expectation of privacy."  *Id*. (quoting *Hicks*, 958 F.3d at 431).  "Second, 'the expectation must also be one that society is prepared to recognize as reasonable.'"  *Id*. at 1041-42 (quoting *Hicks*, 958 F.3d at 431).

Defendant fails to show that he had a legitimate expectation of privacy in his girlfriend's fanny pack.  He, therefore, fails to establish his standing to challenge its search.  His Fourth Amendment challenge to the seizure of the firearm inside must fail.

Accordingly,

**IT IS ORDERED** that Defendant's motion to suppress is **DENIED**.

Date: July 1, 2026                    s/LINDA V. PARKER
                                      U.S. DISTRICT JUDGE